# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:

Clarence T. Foos

    Debtor(s)

**JUDGE RICHARD L. SPEER**

Case No. 08-35543

## DECISION AND ORDER

This cause comes before the Court after a Hearing held on two related matters: the Trustee's objection to the Debtor's claim of exemption in a partnership; and the Trustee's motion for the turnover of all matters related to the Debtor's interest in said partnership. (Doc. No. 12). Prior to the Hearing, the Debtor filed a response, objecting to the relief sought by the Trustee. (Doc. No. 13). At the Hearing held on these matters, the Court, finding that the controversy raised an unresolved question of law, afforded the Parties the opportunity to submit briefs in support of their respective positions. (Doc. No. 22). The Parties have now filed their written arguments, and the Court, after having had the opportunity to review the arguments, as well as the entire record in this case, finds that the Trustee's position has merit. The reasons for this Decision are now explained.

## FACTS

On October 16, 2008, the Debtor, Clarence T. Foos (hereinafter the "Debtor"), filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). In the schedules accompanying his petition, the Debtor disclosed a "1/10th interest in the Foos Farms Ltd. Partnership II." The Debtor valued his interest in this asset at $34,340.00. Citing then to O.R.C. § 2329.66(A)(14), the Debtor claimed the full value of his interest in the partnership as exempt. By way of the action before the Court, the Trustee has attacked the Debtor's right to claim any value of his interest in the partnership as exempt.

In re: Clarence T. Foos
Case No. 08-35543

## DISCUSSION

Resolution of the matters before the Court concerns whether the Debtor is entitled to exempt his interest in a partnership. Determinations concerning the allowance of exemptions from property of the estate are deemed to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Accordingly, in this matter, this Court has the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

### Legal Background

Bankruptcy law affords an individual debtor the right to claim their interest in certain property as exempt. 11 U.S.C. § 522. A property interest properly claimed as exempt in bankruptcy is not subject to administration by the trustee, whom otherwise could have liquidated the property for the benefit of the debtor's creditors. *In re Russell*, 60 B.R. 190, 193 (Bankr. M.D.Fla.1986). For individuals domiciled in Ohio, such as the Debtor in this case, the right to exempt property in bankruptcy is determined by Ohio law as well as nonbankruptcy federal law. 11 U.S.C. § 522(b); O.R.C. § 2329.662.

Exemptions are creatures of statute, being in derogation of the common-law rule that all of a debtor's property is subject to execution for the payment of the debtor's legal obligations. *In re Wycuff*, 332 B.R. 297, 300 (Bankr. N.D.Ohio 2005). In this case, the Debtor cites to O.R.C. § 2329.66(A)(14) as the basis for his exemptible interest in the "Foos Farms Ltd. Partnership II." This provision provides:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

Page 2

> (14) The person's right in specific partnership property, as exempted by division (B)(3) of section 1775.24 of the Revised Code or the person's rights in a partnership pursuant to section 1776.50 of the Revised Code, except as otherwise set forth in section 1776.50 of the Revised Code[.]

Under Bankruptcy Rule 4003(c), the Trustee, as the objecting party, has the burden of proving that the Debtor's interest in his family partnership is not properly claimed under this provision.

Section § 2329.66(A)(14) operates to exempt two types of partnership interests: (1) A person's right in specific partnership property; and (2) a person's right in a partnership. These categories of exemptions serve to protect two distinct interests, attributable to the nature of a partner's rights under Ohio law. By statute, Ohio law provides that the property rights of a partner are, (1) his rights in specific partnership property, (2) his interest in the partnership, and (3) his right to participate in the management of the partnershop. O.R.C. §1775.23. The first two of these property rights correlate to the partner's exemptible interests under § 2329.66(A)(14).

The first exemptible interest, that of a partner's interest in specific partnership property, is not at issue in this proceeding. Pursuant to his pleadings before the Court, the Trustee only seeks the turnover, as nonexempt property, of the Debtor's interest in his partnership, not of any specific partnership property. Notwithstanding, so as to provide a foundation for whether the debtor is entitled to exempt his partnership interest, a brief discussion of this first exemption concerning specific partnership property is in order.

As referenced in O.R.C. § 2329.66(A)(14), a partner's right to exempt specific partnership property is conditioned on the property's status as exempt under division (B)(3) of § 1775.24. This division provides: a "partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership." Ergo, unless a creditor holds a claim against the partnership entity, the creditor cannot attach property held by a partnership for the satisfaction

In re: Clarence T. Foos
Case No. 08-35543

of a debt owed by an individual partner(s). This protection comes as the result of the separate status accorded to partnership property, and serves to protect the partnership entity.

Ohio law defines a partnership as "an entity of two or more persons to carry on as co-owners a business for profit . . . ." O.R.C. § 1775.05(A). As with other business entities, such as corporations, a partnership is capable of holding property, in its own right, separate from the partnership's owners. O.R.C. § 1775.07(C). In the partnership entity, a "partner is co-owner with his partners of specific partnership property holding as a tenant in partnership." O.R.C. § 1775.24(A). The incidents of this tenancy are such that the partner "has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess the property for any other purpose without the consent of his partners." O.R.C. § 1775.24(B)(1). Also, the "partner's right in specific partnership property is not assignable except in connection with the assignment of rights of all the partners in the same property." O.R.C. § 1775.24(B)(2).

Specific partnership property is, therefore, held in a partnership tenancy, under which no individual partner has a right to use or dispose of the property other than for partnership purposes. O.R.C. § 1775.24(A). By, thus, exempting specific partnership property from being answerable for the debts of an individual partner, Ohio exemption law provides continuity with Ohio's law on partnerships. If a partner cannot voluntarily assign his or her right in specific partnership property, then it follows that creditors should not be able to force an involuntary assignment.

Insofar as it concerns the bankruptcy process, however, the use of § 2329.66(A)(14) to exempt a debtor's interest in specific partnership property from administration by the trustee is not normally necessary. The reason for this: a debtor's interest in specific partnership property never becomes property of the bankruptcy estate in the first instance. *See, e.g., In re Magnani*, 223 B.R. 177, 182 (Bankr. N.D.Iowa 1997) ("In the bankruptcy case of a partner, property of the estate includes the debtor's partnership interest, but not the assets of the partnership."). This is similar to

Page 4

In re: Clarence T. Foos
Case No. 08-35543

that of other business entities. For example, corporate assets do not become property of the bankruptcy estate simply by virtue of a shareholder being under the protection of the bankruptcy court.

### Exemptibility of a Partnership Interest under § 2329.66(A)(14)

Section 2329.66(A)(14), however, goes beyond protecting property held by the partnership entity by providing an exemptible interest for "a person's right in a partnership." To use the corporate example again, this is akin to providing an exemption in the individual shares of a corporation. It is this right, to claim an interest in a partnership as exempt, upon which the Debtor relies as the basis for his claim that his 1/10th interest in the Foos Farms Ltd. Partnership II is exempt from administration by the Trustee.

This exemption, of a person's right in a partnership, is new, being added to the Ohio Revised Code on August 6, 2008, as part of the General Assembly's implementation of the Revised Uniform Partnership Act (1997).[1] Previously, § 2329.66(A)(14) had only provided an exemption for a partner's right in specific partnership property, as discussed above. But as will also been seen, this new exemption, of a partner's interest in the partnership, continues to function in much the same way by serving to protect the partnership entity, not the individual partner.

Section 2329.66(A)(14), while allowing a debtor to claim a partnership interest exempt, is limited in its breadth. The relevant portion of § 2329.66(A)(14) provides an exemption for a "person's rights in a partnership *pursuant to section 1776.50 of the Revised Code, except as otherwise set forth in section 1776.50 of the Revised Code*[.]" (emphasis added). This qualifying

---

[1] 2008 Ohio Laws File 74 (Sub. H.B. 332).

Page 5

In re: Clarence T. Foos
Case No. 08-35543

language – "pursuant to" and "except as otherwise set forth in section 1776.50" – necessarily means that a debtor's right to claim a partnership interest as exempt is not absolute, but is dependent on its status as exempt under § 1776.50. (This is similar to the exemption of a person's right in specific partnership property, which takes subject to O.R.C.§ 1775.24(B)(3)). Therefore, any inquiry into a debtor's right to claim a partnership interest exempt must necessarily look to O.R.C. § 1776.50.

> Section 1776.50 states:
>
> (A) On application by a judgment creditor of a partner or of a partner's transferee, a court having jurisdiction may charge the economic interest of the judgment debtor to satisfy the judgment. The court may appoint a receiver of the share of the distributions due or to become due to the judgment debtor in respect of the partnership and make all other orders, directions, accounts, and inquiries the judgment debtor might have made or which the circumstances of the case may require.
>
> (B) A charging order constitutes a lien on the judgment debtor's economic interest in the partnership. The court may order a foreclosure of the interest subject to the charging order at any time. The purchaser at the foreclosure sale has the rights of a transferee.
>
> (C) At any time before foreclosure, an interest charged may be redeemed by any of the following:
>
>> (1) The judgment debtor;
>>
>> (2) One or more of the other partners by using property other than partnership property;
>>
>> (3) One or more of the other partners, with the consent of all of the partners whose interests are not so charged, by using partnership property.
>
> (D) Nothing in this chapter deprives a partner of any right under exemption laws with respect to the partner's interest in the partnership.

Page 6

In re: Clarence T. Foos
Case No. 08-35543

> (E) This section provides the exclusive remedy by which a judgment creditor of a partner, or partner's transferee, may satisfy a judgment out of the judgment debtor's economic interest in the partnership.

It is the Debtor's position that the conditions set forth in § 1776.50 do not operate to limit a debtor's right to exempt their partnership interest under 2329.66(A)(14), but rather provide the judgment-debtor of a partnership the right to claim their entire partnership interest exempt.

For this position, the Debtor relies heavily on division (D) of § 1776.50 which provides that "[n]othing in this chapter deprives a partner of any right under exemption laws with respect to the partner's interest in the partnership." The Debtor also points to this provision's use of the term "partner's interest in the partnership" which is defined by Ohio partnership law to mean "all of a partner's interests in the partnership, including the partner's economic interest and all management and other rights." O.R.C. § 1776.01(P). According then to the Debtor:

> Reading the various statutory provisions of O.R.C. §§2329.66(A)(14), 1776.01, and 1776.50 in pari materia, Debtor contends that the partnership exemption of O.R.C. §2329.66(A)(14) has been extended to include a partner's interest in a partnership. Whether the Ohio legislature intended to broaden the exemption relating to partnerships or as a result of poor legislative drafting, the result is that the language goes beyond "specific partnership property" and encompasses a "partner's interest".

(Doc. No. 27, at pg. 3). It is thus fair to state that the Debtor's position, for the exemption of his entire partnership interest, relies not on any specific statutory directive, but is instead based on a reading of a number of statutory provisions together – i.e., in *pari materia*.

The doctrine of *pari materia* is a rule of statutory construction. It holds that all parts of a statute should be construed together, and that different statutes should be construed together when the statutes relate to the same person or thing, to the same class of persons or things, or have the same purpose or object. 2B Sutherland Statutory Construction § 51:1 (7th ed.). The doctrine,

Page 7

In re: Clarence T. Foos
Case No. 08-35543

however, only being an aid in statutory construction, cannot operate to create an exemption where none was intended. *See Superior Precast, Inc. v. Safeco Ins. Co. of America*, 71 F.Supp.2d 438, 454 (E.D.Pa. 1999) ("In pari materia is only a rule of construction to be applied as an aid in determining the meaning of a doubtful statute, and cannot be invoked where the language of a statute is clear and unambiguous.").

In this matter, it is clear that O.R.C. § 1776.50(D) does not create an exemption. Instead, the explicit language of § 1776.50(D) only provides that it does not operate to "deprive" a debtor of any exemption to which he or she would otherwise be entitled to claim. As such, O.R.C. § 1776.50(D) simply serves as an interpretive guide, created by the legislature, to ensure that if a conflict with another statute arises, the court does not interpret Ohio partnership law so as to deprive any partner of an otherwise valid exemption. In this respect, the Debtor's position becomes circular: he relies on § 1776.50(D), which affords no right of exemption, to undo the limitations imposed by §2329.66(A)(14) which, among other things, then qualifies a debtor's right to exempt their interest in a partnership on the conditions set forth in § 1776.50(D).

Even this weakness aside, the Debtor's position also suffers from a more fundamental flaw. A 'charging order' does not function to protect a debtor's interest in a partnership, but rather is "[a] statutorily created means for a creditor of a judgment debtor who is a partner of others to reach the debtor's beneficial interest in the partnership, without risking dissolution of the partnership." Black's Law Dictionary 233 (6th ed.1990). From the onset, this makes it difficult to reconcile that a 'charging order' could serve to afford a debtor an exemption of their entire partnership interest. A close examination of § 1776.50 shows the further veracity of this observation.

Section 1776.50 begins by providing that a judgment creditor may obtain a "charging order" against the individual partner's "economic interest" in the partnership so as to satisfy its claim. O.R.C. § 1776.50(A). A partner's 'economic interest' in a partnership is defined as "a partner's share

Page 8

<pre>In re: Clarence T. Foos
Case No. 08-35543</pre>

of the profits and losses of a partnership and the partner's right to receive distributions." O.R.C. § 1776.01(F). The "charging order constitutes a lien on the judgment debtor's economic interest in the partnership." O.R.C. § 1776.50(B). Once obtained, a judgment-creditor is then presented with a choice of remedies.

First, the judgment-creditor of a partner may require the partnership to make payments, specifically distributions of profits and returns of capital, to the creditor rather than to the debtor-partner. O.R.C. § 1776.50(A). Second, as with other liens, § 1776.50 provides that a creditor may, with court approval, foreclose on the partner's 'economic interest' in the partnership, with the purchaser of that interest having the rights of a transferee. O.R.C. § 1776.50(A). It is also important to note what non-creditor protections are afforded by a 'charging order.'

A 'charging order' does not, in the absence of foreclosure, result in the automatic dissolution of the partnership. O.R.C. §§ 1776.51; 1776.61. In effect, unless the creditor takes the step to foreclose on the partner's interest, the charging order leaves the partnership intact, but diverts to the judgment-creditor the stream of profits that would have otherwise flowed to the debtor-partner. Even in the event of foreclosure, the partnership is afforded some protection. Particularly, the partners, including the judgment-debtor, are afforded the right of redemption. O.R.C. § 1776.50(C).

It is thus apparent from this context that § 1776.50 seeks to strike a balance between protecting the rights of a debtor-partner's creditors with the need to also protect the partnership entity. *See Baybank v. Catamount Construction, Inc.*, 141 N.H. 780, 784, 693 A.2d 1163, 1166 (1997) (under a similar statute, holding that "the purpose of the charging order provisions under both statutes is to balance the need to protect the orderly operation of the partnership and the rights of creditors."). Any protections offered by § 1776.50 to the judgment-debtor, such as the right of redemption, are secondary, however, and done from the perspective of protecting the partnership entity, not the debtor-partner. Therefore, it may be concluded that the exemption of a debtor's rights

Page 9

**In re: Clarence T. Foos**
**Case No. 08-35543**

in a partnership under § 2329.66(A)(14), being conditioned on the requirements for 'charging orders' outlined in § 1776.50, is more illusory than real.

This is not to say that the exemption of person's interest in a partnership under § 2329.66(A)(14) does not afford a debtor any protection. Section § 1776.50(E) makes it clear that the remedies afforded by a 'charging order' constitute the "exclusive remedy" for a judgment-creditor, and by extension a trustee in bankruptcy, against a debtor's 'economic interest' in a partnership. In this case, for example, the Debtor's right of exemption under § 2329.66(A)(14) and § 1776.50 would afford him the right to redeem his partnership interest. But what these provisions plainly fall short of doing is affording a debtor a right to exempt their entire interest in a partnership.

This is a practicable reading. Under Ohio law, partnerships are easily created. Therefore, carried to its logical conclusion, the Debtor's position would allow persons, by simply transferring their property to a partnership entity, to easily place their assets beyond the reach of their creditors. The Court is not willing to countenance such a fundamental shift in the law given the lack of express statutory language exhibiting an intent to effectuate such a change.

In conclusion, it is the holding of the Court that § 2329.66(A)(14) does not operate to exempt a debtor's entire partnership interest. Rather, a debtor's right to claim their partnership interest exempt under § 2329.66(A)(14) is confined to the limited protections afforded to debtors with respect to 'charging orders' under § 1776.50. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 10

In re: Clarence T. Foos
Case No. 08-35543

Accordingly, it is

***ORDERED*** that the Objection of the Trustee to the Debtor's claim of Exemption in his $1/10^{th}$ interest in the Foos Farms Ltd. Partnership II, be, and is hereby, SUSTAINED.

***IT IS FURTHER ORDERED*** that Motion of the Trustee for the Turnover of all matters relating to the Debtor's $1/10^{th}$ interest in the Foos Farms Ltd. Partnership II, be, and is hereby, GRANTED.

Dated: April 24, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 11

08-35543-rls    Doc 36    FILED 04/24/09    ENTERED 04/24/09 14:10:49    Page 11 of 12

# *CERTIFICATE OF SERVICE*

Copies were mailed this 24th day of April 2009 to:

Clarence T. Foos
411 Krotzer Ave.
Luckey, OH 43448

Gary E Horn
4325 Willys Pkwy
Toledo, OH 43612

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131

Louis J Yoppolo
1200 Edison Plaza
300 Madison Ave
Toledo, OH 43604-1556


                                             /s/Jennifer S Huff
                                             Deputy Clerk, U.S. Bankruptcy Court